MR. JUSTICE SHEA
dissenting:
I would reverse the judgement and grant a new trial. In doing so, I must state that I would first have to adopt a different standard than the “farce or sham” test which is the rule in the State. A defendant is not simply entitled to counsel, he is entitled to competent counsel. A “farce or sham” test seems to be judged in essence by the mere fact that the defendant had counsel and that his performance did not shock the concience of the court.
The case must be approached from the special circumstances existing here. The prosecuting witness Wiscombe testified that the defendant assaulted him; the defendant testified that he did not assault Wiscombe, rather, Wiscombe assaulted him, and that was acting in self defense. The remaining physical evidence corroborated neither story. Thus the jury was presented with a clear question of credibility.
Needless to say, the fact that the defendant had been previously convicted of a felony, even though the jury did not know what the felony was, could have had a strong impact on the jury. The voir dire question by defense counsel obviously was meant to take the sting out of any evidence introduced establishing that defendant had been previously convicted of a felony. And the trial judge’s comment in relation to the question by defense counsel served only to emphasize that the defendant did in fact have a previous felony record. The trial court immediately responded to the voir dire *199 question asked by defense counsel: “There will be no evidence of the prior conviction in this cause.” (Emphasis added.)
Surely the jury knew by this comment of the trial judge that the defendant in fact had a previous conviction. And when the witness added that the glasses, alleged to be, and established to be those of the defendant, were sent to the state prisoñ for identification, the jury had no doubt that the defendant had a previous felony conviction for which he was sent to prison. They could conclude therefore that it was most likely a serious offense. Under these circumstances, defense counsel’s question, in conjunction with the trial court’s response and the witness’s statement that he had sent the glasses to the state prison for identification, could well have been an important and inappropriate factor in the jury’s decision to believe Wiscombe rather than the defendant.
I would, therefore, reverse the conviction and grant a new trial.